IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GORMAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF CHESTER, et al., | : | NO. 11-6340 |
| | : | |
| Defendants. | : | |

**MEMORANDUM RE: MOTION FOR PARTIAL DISMISSAL**
**OF AMENDED COMPLAINT**

**I.    Introduction**

In this somewhat unusual civil rights action, Plaintiff Robert Gorman ("Plaintiff) was a police officer in the City of Chester who was involved in an incident on October 11, 2008 in which, Plaintiff alleges, he was justified in using minimal force against a third party. Plaintiff avers that after the incident, the third party initiated a harassment or criminal suit against him.[1] Plaintiff testified at the resultant hearing on December 2, 2008, and the charge against Plaintiff was dismissed. The Delaware County Criminal Investigation Division and the District Attorney's Office investigated the incident, but Plaintiff at that time was not charged with any crime or Police Department policy violation.

Subsequently, Plaintiff alleges, on January 12, 2009, Defendant Joseph Bail ("Defendant Bail"), a Major in the City of Chester's Police Department, initiated an additional investigation of Plaintiff. On November 4, 2009, Defendant Bail wrongfully obtained an arrest warrant, which

---

[1] The nature of this suit is unclear from the Amended Complaint.

1

Plaintiff claims contained material misstatements and omissions, resulting in Plaintiff's arrest on November 11, 2009. On November 13, 2009, Plaintiff received a letter that he was suspended with intent to dismiss from the police force. Plaintiff did not have a hearing or other opportunity to be heard beforehand. Plaintiff was eventually terminated on December 16, 2009. Plaintiff testified in his own defense at a criminal trial on July 7, 2011, after which he was found not guilty. After filing a grievance, Plaintiff was reinstated as a police officer after filing a grievance.

During the relevant period, Defendant Floyd Lewis III ("Defendant Lewis") was Chief of Police of the City of Chester, Defendant Daren Alston ("Defendant Alston") was a Major and then Chief of Police of the City of Chester, and Wendell Butler ("Defendant Butler") was the Mayor of the City of Chester.

Plaintiff's claims can be summarized as follows:

I. Violation of Fourth Amendment Protection against illegal arrest and seizure;

II. First Amendment claim that his free speech and Petition Clause rights were denied;

III. Fourteenth Amendment lack of due process;

IV. Section 1986 claim concerning improper action by a supervisor;

V. Section 1985 claim of conspiracy;

VI. Pendent state law claims.

Defendants have filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9), on various grounds. The Court will grant the motion in part, and deny it in part.

**II.     Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Courts must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 555 U.S. at 684.

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 685. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**III.   Discussion**

The Court will grant the motion to dismiss in part and deny it in part, with leave to Plaintiff to file a Second Amended Complaint. Certain claims will be dismissed for insufficient pleading, as follows:

**1.   Monell Claims**

The claims under Monell v. Department of Social Services, 436 U.S. 658 (1978), against the City of Chester, and against the Mayor to the extent Plaintiff asserts one, are insufficient. Plaintiff is not clear in his responsive brief whether he asserts Monell claims against the City of Chester for having a policy or practice, or for lack of training of its police officers. Plaintiff will be required to specify any Monell claims in a Second Amended Complaint, with a specific theory, and sufficient facts "showing" that Defendants may be liable.[2]

**2.   Individual Defendants**

Plaintiff's allegations against Defendant Joseph Bail are sufficiently specific and satisfy the pleading test of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), except as otherwise noted below. However, to the extent that Plaintiff intends to assert claims for individual liability against the other individual Defendants—Lewis, Alston, and Butler—there are insufficient facts as to what these three individuals did or did not do that give rise to liability. To the extent that Plaintiff intends to pursue individual liability

---

[2] Defendants also argue that Plaintiff failed to state a claim against the City of Chester for Plaintiff's state law claims; however, the Amended Complaint specifies that Plaintiff does not assert those state claims against the City. Am. Compl. ¶ 140.

against these individuals, he must replead.

If Plaintiff wants to conduct limited discovery to assist him in discovering and pleading the relevant facts with sufficient specificity, he should file a brief Motion to that effect.

### 3. Conspiracy Claims

Plaintiff also brings a conspiracy claim under 42 U.S.C. § 1985 and a "failure to stop or supervise" claim under 42 U.S.C. § 1986.[3]

#### A. 42 U.S.C. § 1985

Plaintiff does not specify under which subsection of § 1985 he asserts a claim, however the Court assumes his claim arises under sub-section (3)—"Depriving persons of rights or privileges." 42 U.S.C. § 1985(3). This—and indeed all sub-sections of § 1985—require the involvement of "two or more persons." Id. at (1)-(3). Because the Court will dismiss, without prejudice, Plaintiff's claims against all individual Defendants besides Defendant Bail, the Court must also dismiss the 1985 claim without prejudice.

If Plaintiff repleads this cause of action in his Second Amended Complaint, he must specify under which sub-section of § 1985 he asserts his claim and provide sufficient facts to

---

[3] 42 U.S.C. § 1986 states in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

5

support it.  As explained above, threadbare, conclusory allegations alone do not make out a claim.  The Court finds no factual basis in the Amended Complaint, for example, of the "common plan [] to deprive Plaintiff of civil rights" Plaintiff cites in this claim.[4]  See Am. Compl. ¶ 134.  In addition, in his response brief, Plaintiff states that his § 1985 claim is based on "[a] conspiracy to treat different [sic] a person because of race and/or to deny equal protection of law."  Pl. Br. at 7.  Other than one entirely conclusory statement in paragraph 120 of the Amended Complaint alleging that Plaintiff was deprived of Equal Protection of the Law, and one comment in paragraph 117 about white officers being provided a hearing that Plaintiff was not, the Court finds no alleged factual basis for such a claim or any other facts indicating that Defendants' alleged actions against Plaintiff were racially-motivated.  Plaintiff's § 1985 claim will therefore be dismissed without prejudice, with leave to Plaintiff to replead if he can provide sufficient factual support for the claim.

      **B.**      **42 U.S.C. § 1986**

A § 1986 claim must be premised on a valid § 1985 claim.  Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994); Gaymon v. Esposito, No. 11-cv-4170, 2012 WL 1068750, at *13 (D.N.J. March 29, 2012) ("Section 1986 is derivative of § 1985 and thus depends on a § 1985 violation being sufficiently pled." (citing Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980))).  As the Court will dismiss Plaintiff's § 1985 claim without prejudice, so too must it dismiss the § 1986 claim.[5]

---

[4] The lone acts cited by Plaintiff in paragraphs 135 to 137 are insufficient to support the conclusory allegations within Count V.

[5] Section 1986 claims also require the participation of at least two individuals, so Plaintiff's Count IV would therefore also fail in light of this Court's dismissing all Defendants

Defendants also assert that Plaintiff's § 1986 claim is barred by the one-year statute of limitations explicitly set forth in the statute. See 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). In response, Plaintiff claims that although he may have had a right to sue under this claim when he was first arrested, that right continued until one year after he was found not guilty, and Defendants' conduct in violation of his rights continued as long as the criminal case was pending, and therefore the one-year statute of limitations did not begin to run until the acquittal in the criminal trial on July 7, 2011.

Plaintiff cannot escape the time bar by lumping together distinct acts. Jones v. Middletown Twp., 253 Fed. App'x 184, 187 (3d Cir. 2007) (non-precedential) (explaining that civil conspiracies, unlike criminal, do not accrue upon commission of the last overt act, but rather "[t]he statute of limitations begins to run at the time the claim accrues; time-barred claims cannot be resurrected by being aggregated and labeled 'continuing violations.'"). Instead, the statute of limitations "runs from each overt act causing damage." Wells v. Rockefeller, 728 F.2d 209, 217 (3d Cir. 1984); accord Little v. City and County of New York, No. 07-cv-5361, 2008 WL 2704579, at *3 (E.D. Pa. July 3, 2008). Because "the actual injury is the focal point," "[f]or each act causing injury, a claimant must seek redress within the prescribed limitations period." Wells, 728 F.2d at 209. Plaintiff therefore cannot bring a suit for any wrong that occurred prior to October 11, 2010.[6]

---

except Defendant Bail.

[6] Plaintiff appears to argue that all his claims should be equitably tolled to the date of the criminal trial. Pl. Br. at 6 & n.2. This particular argument is foreclosed by the Third Circuit's reasoning in Wells that the filing period runs from the commission of each overt act. This does

The basis of Plaintiff's § 1986 claim is unclear from the Amended Complaint. Plaintiff may still be able to allege a timely § 1986 claim premised on the prosecution that culminated in the July 2011 acquittal, but it would appear that all previous injuries Plaintiff suffered would be time-barred. For example, Plaintiff cannot maintain a § 1986 claim based solely on Defendant Bail initiating an investigation in 2009 or seeking an arrest warrant for Plaintiff in 2009, both of which Plaintiff became aware on November 11, 2009. Am. Compl. ¶¶ 33, 37, 53, 59; see Jones, 253 Fed. App'x at 187 (holding that the plaintiff's claims were untimely except for the malicious prosecution claim because all other claims accrued at the time of the plaintiff's arrest, which occurred before the one-year period); Little, 2008 WL 2704579 at *3 n.10 (finding that the plaintiff was barred from asserting conspiracy claim based on arrest that took place before statutory period). The Court will grant Plaintiff leave to replead, but Plaintiff must plead as held above.

4. **Due Process**

Plaintiff concedes that he cannot bring a substantive due process claim. Pl. Br. at 15. All references to substantive due process will be stricken from the Amended Complaint and, if Plaintiff chooses to file a Second Amended Complaint, he shall omit any reference to substantive

---

not forestall the possibility that there could still be a timely § 1986 claim based on the criminal proceeding, but its timeliness would not rely on tolling.

However, Plaintiff's Amended Complaint does not, as pleaded, provide factual support for equitable tolling of the distinct acts which caused Plaintiff injury prior to the one-year period. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000) ("Equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.").

due process.[7]

Plaintiff's procedural due process claim will also be dismissed, but without prejudice. While Plaintiff may ultimately be able to make out a due process claim premised on Defendants' denying him a hearing before suspending him, Plaintiff has failed to plead sufficient facts as to who was responsible for that deprivation. The Court has already explained that the role of Defendants Lewis, Alston and Butler was insufficiently pleaded throughout the Amended Complaint. In addition, any role Defendant Bail had in depriving Plaintiff of procedural due process is unclear. Plaintiff pleads many facts about Defendant Bail's alleged acts leading to Plaintiff's arrest and criminal prosecution, but with respect to the lack of a pre-suspension hearing, Plaintiff states only in conclusory terms that Bail and his co-Defendants "did not provide the Plaintiff with an opportunity to speak on the facts, event or even the proposed discipline before the discipline was imposed." Am. Compl. ¶ 117. This threadbare allegation cannot support a claim against Defendant Bail for denial of procedural due process. The Court will therefore dismiss this claim without prejudice, and will grant Plaintiff leave to re-plead this Count with sufficient factual details as to the responsible parties.

**5.    First Amendment**

Plaintiff also alleges that Defendants retaliated against him for exercising his First Amendment rights to free speech and to petition the government. Plaintiff claims that Defendants retaliated against him specifically for testifying truthfully at the December 2008 hearing that resulted from the third party filing a private harassment complaint against him. "In

---

[7] Count III, entitled "Fourteenth Amendment – Due Process" also appears to include an Equal Protection component. As described above, Plaintiff has not sufficiently pleaded an Equal Protection claim and therefore any claim to this effect will be dismissed without prejudice.

order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006) (citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)).

The Court finds that Plaintiff has not adequately pleaded this claim. Plaintiff does not specify the protected First Amendment activity in which he participated. He refers to both free speech and petition rights without any details. Plaintiff has not pleaded sufficient facts to suggest a causal link between his conduct and the retaliatory action. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Plaintiff makes the conclusory statement that "[t]he substantial or motivating reasons for the Defendants' actions against the Plaintiff was the Plaintiff's protected Free speech and/or Petition Clause activities, and for exercising lawful self-defense . . . . " Am. Compl. ¶ 100.

Yet, Plaintiff provides no facts to back up this allegation. The only possible support for a causal connection here is the fact that over a month after Plaintiff testified at the December 2, 2008 hearing arising from the third party's private harassment complaint against Plaintiff, Defendant Bail asked Thomas Worrilow to re-investigate the Plaintiff. Am. Compl. ¶¶ 29, 32- 33. The Court does not find this timing "unusually suggestive" to establish a causal link between Plaintiff's testimony and the negative actions allegedly carried out against him a year later in late

2009, when Plaintiff was re-arrested and then suspended and terminated from the police force. Am. Compl. ¶¶ 59, 63, 72. In addition, the second criminal proceeding did not occur until over a year and a half after Plaintiff's initial testimony. Am. Compl. ¶ 75.

The Court will therefore dismiss this claim without prejudice, and grant Plaintiff leave to replead this count with greater clarity[8] and facts supporting a causal link.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion in part and deny it in part, as specified above. Plaintiff will be granted thirty (30) days to file a Second Amended Complaint in compliance with this Memorandum. An appropriate order follows.

O:\CIVIL 11-12\11-6340 Gorman v. City of Chester\Gorman MTD Memo.wpd

---

[8] Among other things, Plaintiff should specify what he means by "Free speech and/or Petition Clause activities."